IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JOHN LARY,

    Plaintiff,

v.

THE DOCTORS ANSWER, LLC,
A foreign limited liability
company, and
BEN PURE, and individual,
and "X,"

    Defendants.

CV-12-S-3510-NE

# COMPLAINT

## I. JURISDICTION

1. Title 28 U.S.C. § 1331 confers jurisdiction to this court over the claims asserted in this complaint. The plaintiff asks this court to vindicate certain rights (monetary damages and injunctive relief) arising from the defendants' violations of a federal statute, the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq., an amendment to the Communications Act of 1934, 47 U.S.C. § 151 et seq.

## II. PARTIES

1. The plaintiff, John Lary, is a citizen of the State of Alabama.

2. The defendant Ben Pure is a citizen of the State of New Jersey and the owner of or an agent or employee of a telephone answering service known as The Doctors Answer.

3. The defendant The Doctors Answer, LLC, is a foreign limited liability company organized under the laws of the State of New Jersey.

4. The identity of defendant X is currently unknown; it will be provided to the court when plaintiff is able to ascertain it. Defendant X is a person or persons or entity or entities that materially participated in the violations

1

complained of herein by the act of providing or supplying plaintiff's facsimile telephone number.

### III. UNDERLYING FACTS

1. There is no established business relationship between the plaintiff and any of the defendants in this action.

2. None of the defendants are a charity or charitable organization.

3. The plaintiff has never provided any of his telephone numbers or telephone facsimile machine numbers to any of the defendants.

4. The plaintiff's has never voluntarily agreed to make his facsimile number available for public distribution to or through a directory, advertisement, or site on the Internet.

5. The plaintiff has never given any of the defendants any express invitation or permission or consent use the telephone system to place any telephone call to plaintiff or to any of plaintiff's telephone numbers or telephone facsimile machine numbers or emergency telephone line numbers or to use a telephone facsimile machine, computer, or other device to transmit any unsolicited message or document or advertisement to plaintiff's telephone facsimile machine.

6. The plaintiff is a medical physician, licensed by the State of Alabama for the practice of medicine. The plaintiff provides medical care at his medical service office and health care facility located in Madison County, Alabama.

7. The plaintiff has a telephone facsimile machine located in his medical service office and health care facility and has connected that telephone facsimile machine to his emergency telephone line number.

8. None of the defendants have made application for a license under § 8-19A-5, Code of Alabama 1975 (Acts 1994, No. 94-650, p. 1220, §5) and have thereby violated § 8-19A-5, Code of Alabama 1975.

## IV. FACTS ABOUT THE VIOLATIONS

1. On or about September 19, 2012, the defendants violated and conspired to violate 47 U.S.C. § 227(b)(1)(A)(i) by using or causing others to use an automatic telephone dialing system to make a non-emergency call to plaintiff's emergency telephone line number to which plaintiff has connected his telephone facsimile machine.

2. On or about September 19, 2012, the defendants violated and conspired to violate 47 U.S.C. § 227(b)(1)(C) by using or causing others to use a telephone facsimile machine, computer, or other device to send or transmit unsolicited material advertising the commercial availability or quality of property, goods, or services to plaintiff's telephone facsimile machine.

3. The defendants' violations of 47 U.S.C. § 227(b)(1)(A)(i) were made willfully.

4. The defendants' violations of 47 U.S.C. § 227(b)(1)(A)(i) were made knowingly.

5. The defendants' violations of 47 U.S.C. § 227(b)(1)(C) were made willfully.

6. The defendants' violations of 47 U.S.C. § 227(b)(1)(C) were made knowingly.

## V. DAMAGES

1. Plaintiff has been statutorily damaged to the extent of $1,500 on account of defendants' knowing or willful violation of 47 U.S.C. § 227(b)(1)(A)(i).

2. Plaintiff has also been statutorily damaged to the extent of $1,500 on account of defendants' knowing or willful violation of 47 U.S.C. § 227(b)(1)(C).

3. Plaintiff is statutorily entitled to injunctive relief.

## VI. PRAYER

1. Plaintiff prays that the court award him monetary damages to the extent of $3,000 plus costs.

2. Plaintiff prays that all the defendants be permanently enjoined from any and all violations of the Telephone

3

Consumer Protection Act of 1991 and all regulations promulgated thereunder.

3. Plaintiff prays that all defendants be permanently enjoined from violating 47 U.S.C. § 227(b)(1)(C) by using or causing others to use a telephone facsimile machine, computer, or other device to send or transmit unsolicited material advertising the commercial availability or quality of property, goods, or services to a telephone facsimile machine.

4. Plaintiff prays that all defendants be permanently enjoined from violating 47 U.S.C. § 227(b)(1)(A)(i) by using or causing others to use an automatic telephone dialing system to make a non-emergency call to an emergency telephone line number of a physician or medical services office or health care facility.

5. Plaintiff further prays that all defendants be permanently enjoined from any further violations of § 8-19A-5, Code of Alabama 1775.

6. Plaintiff prays that all defendants be permanently enjoined from conspiring or combining with others to commit any violation of the Telephone Consumer Protection Act of 1991 and all regulations promulgated thereunder and from conspiring or combining with others to commit any violations of § 8-19A-5, Code of Alabama 1775.

_____
John Lary, pro se
600 St. Clair ST. SW
Bldg. 5, Suite 12-B
Huntsville, AL  35801
Phone (256) 533-1510