FILED

2013 Mar-08  PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHN LARY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-3510-NE** |
| | ) | |
| **THE DOCTORS ANSWER, LLC,** | ) | |
| **and BEN PURE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dr. John Larry, alleges that defendants, The Doctors Answer, LLC, and Ben Pure, transmitted an unsolicited facsimile message to plaintiff's emergency office telephone number in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA").[1]  This action is before the court on defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.[2]  Upon consideration, this court will deny the motion.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be

---

[1] *See* doc. no. 1 (Complaint).

[2] *See* doc. no. 13 (Motion to Dismiss).

granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).  Moreover, a court need not accept as true a complaint's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II.  FACTS AS ALLEGED

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true.  *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453 (2006)] (stating that on a motion

2

to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

Plaintiff, Dr. John Lary, a citizen of the State of Alabama, is a physician who maintains an office in Madison County, Alabama.[3]  Defendant Ben Pure, a citizen of the State of New Jersey, is the president of defendant The Doctors Answer, LLC ("Doctors Answer"), a telephone answering service that is organized as a limited liability company under the laws of New Jersey.[4]  Plaintiff has never made inquiries to Ben Pure or Doctors Answer, and never had a business relationship with either defendant.[5]

In order to send and receive information required to treat medical emergencies, plaintiff subscribes to a telephone number that is connected to a facsimile machine

---

[3] Doc. no. 1 (Complaint), at 1-2.  Because all six sections of the complaint are numbered separately, the complaint contains six paragraphs labeled as "1," five paragraphs labeled as "2," *etc.* Accordingly, this court will cite the complaint by referring to page numbers, not paragraph numbers.

[4] *Id.* at 1; doc. no. 14 (Brief in Support of Motion to Dismiss), at 2.

[5] Doc. no. 1 (Complaint), at 2.

3

in his office.[6]  Plaintiff does not permit any person to use his emergency line for advertising purposes.[7]  On September 19, 2012, defendants placed a non-emergency call to plaintiff's emergency telephone number using an automatic dialing system.[8]  As a result, plaintiff received an unsolicited facsimile message that contained advertising material for answering services from Doctors Answer.[9]

As is evident from defendant's name, the advertising material from Doctors Answer specifically targeted doctors.[10]  The advertising material described Doctors Answer as a "local answering service for Doctors."[11]  Further, the material declared that the "medical field is a niche community[.]"[12]  The material also claimed that defendant provides "service to our medical community," that defendant has "been helping the medical community," and that defendant's employees "undergo rigorous HIPAA compliance training."[13]

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *See* doc. no. 17-2 (Exhibits), at 2 (Facsimile).  Because the advertising material is referenced in plaintiff's complaint, is central to plaintiff's claims, and is not in dispute, this court may consider that material without converting defendants' motion to dismiss into a motion for summary judgment. *See Deerman v. Federal Home Loan Mortgage Corp.*, 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) (holding that, "[a]lthough the [document] was not attached as an exhibit to plaintiffs' complaint, it was referenced in the complaint, . . . and is integral to some of plaintiffs' claims. Therefore, the [document] may be considered when deciding defendant's motion to dismiss without converting the motion into one for summary judgment.") (alterations supplied).

[11] Doc. no. 17-2 (Exhibits), at 2 (Facsimile) (alteration supplied).

[12] *Id.* (alteration supplied).

[13] *Id.* (underlined emphasis in original).  "HIPAA" is an acronym for the Health Insurance

## III.  DISCUSSION

The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA"), "bans certain practices invasive of privacy."  *Mims v. Arrow Financial Services, LLC*, __ U.S. __,132 S. Ct. 740, 744 (2012).  Among other things, the Act prohibits the making of:

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —
>
> (i)  to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency)[.]

47 U.S.C. § 227(b)(1)(A)(i) (alteration supplied).  The Act also proscribes the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement[.]"   47 U.S.C. § 227(b)(1)(c) (alteration supplied).

## A.    Motion to Dismiss for Lack of Personal Jurisdiction

Defendants claim that plaintiff "has not, and cannot, establish that this Court has *personal* jurisdiction over either Defendant."[14]  However, the Supreme Court of the United States has expressly acknowledged the "*federal* interest in regulating

---

Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).

[14] Doc. no. 14 (Brief in Support of Motion to Dismiss), at 6 (emphasis supplied).

telemarketing to protect the privacy of individuals while permitting legitimate commercial practices[.]'" *Mims*, 132 S. Ct. at 751 (internal citations omitted) (alteration and emphasis supplied).

"Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' §227(b)(3), or the accident of diversity jurisdiction, to gain redress for TCPA violations." *Id.* Thus, "federal courts [have] *federal-question* jurisdiction over private TCPA suits." *Id.* at 747 (alteration and emphasis supplied). Accordingly, this court will deny the motion to dismiss on the grounds that the court allegedly lacks *personal* jurisdiction over defendants.

## B.    Motion to Dismiss for Improper Venue

Defendants argue that venue is only proper in New Jersey, the state where both defendants reside, and from which the facsimile that gave rise to the present action was transmitted.[15]   The Supreme Court has interpreted the TCPA to hold that Congress did not expressly supply the proper venue for private actions under the Act "for this obvious reason:  As the general rules governing venue and service of process in the district courts are well established, *see* 28 U.S.C. § 1391(b); Fed. Rules Civ. Proc. 4, 4.1, there was no need for Congress to reiterate them in section 227(b)(3)." *Mims*, 132 S. Ct. at 750 n.11 (internal citations omitted).

Under section 1391(b), a plaintiff may bring an action not founded on diversity

---

[15]  Doc. no. 14 (Brief in Support of Motion to Dismiss), at 16.

of citizenship in:

> (1)    a judicial district in which any defendant resides,[16] if all defendants are residents of the State in which the district is located;

> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (footnote supplied).  Defendants argue that:

> venue is not proper in this Court under subsection (b)(2) [because] [t]his case is premised on one communication, and the Complaint clearly alleges that the facsimile was sent from New Jersey, and the wrongful act alleged, if any, occurred in New Jersey, not Alabama.  Therefore, it cannot be said that "a substantial part of the events or omissions giving rise to the claim" occurred in Alabama.[17]

Multiple federal courts have rejected defendants' argument.  In *Meredith v. Unifund CCR Partners*, No. 2:08-CV-375-MEF, 2008 WL 4767523 (M.D. Ala. Oct. 29, 2008), the defendants were Northern District of Alabama residents who attempted to collect a debt from the plaintiff by mailing letters to his residence in the Middle

---

[16] An individual "resides" "in the judicial district in which that person is domiciled."  28 U.S.C. § 1391(c)(1).  A corporation "resides" "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, [then the corporation resides] in the district within which it has the most significant contacts."  *Id.* § 1391(d) (alteration supplied).

[17] Doc. no. 14 (Brief in Support of Motion to Dismiss), at 15-16 (alterations supplied).

District.  *Id.* at *2-5.  The plaintiff challenged the defendants' practices by commencing a lawsuit in the Middle District, and the defendants moved to either dismiss the action for improper venue, or transfer the action to the Northern District. *Id.* at *6.  The court rejected the defendants' assertion that "venue is proper in the Northern District because the mail that gave rise to the . . . lawsuits originated . . . in the Northern District," and reasoned as follows:

> More persuasive than Defendants' arguments are those made by Plaintiff and the cases which Plaintiff cites[,] [i]ncluding the federal cases that support the proposition that, in a case that arises from debt collection mail, *venue is proper in the district where the debtor resides because the injury did not occur until the mail was received.  See, e.g., Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992); *Bailey v. Clegg, Brush & Assocs., Inc.*, No. 1:90-cv-2702-CAM, 1991 U.S. Dist. LEXIS 21591, 1991 WL 143461 at *2 (N.D. Ga. June 14, 1991); *Murphy v. Allen County Claims & Adjustments*, 550 F. Supp. 128, 130-31 (S.D. Ohio 1982); *Gachette v. Tri-City Adjustment Bureau*, 519 F. Supp. 311, 313-14 (N.D. Ga. 1981).  The rationale behind these decisions applies to this case.  Plaintiff did not suffer any injury until the mail that initiated the lawsuit was received in Montgomery County.  Therefore, a "substantial part of the events" that gave rise to Plaintiff's claims occurred in the Middle District, and thus venue is proper here.

*Id.* at *6-7 (alterations and emphasis supplied).

Likewise, in *Cordell v. Greene Financial Co.*, 892 F. Supp. 1396 (M.D. Ala. 1995), the defendants were Georgia residents who advertised refinancing services to the plaintiff by mailing letters to his Alabama residence.  *Id.* at 1399.  The plaintiff claimed fraud and commenced a lawsuit in Alabama, and the defendants moved to

8

dismiss on jurisdictional and venue grounds. *Id.* at 1398. After considering the motion to dismiss of lack of subject matter jurisdiction, and concluding that defendants were "amenable to suit in Alabama," the court held that venue was proper under 28 U.S.C. § 1391(2) and (3), the former of which requires "a substantial part of the events or omissions giving rise to the claim [to have] occurred" in the forum. *Id.* at 1401 n.9 (alteration supplied).

District courts from other circuits have denied motions to dismiss or transfer private TCPA enforcement actions from the states where the plaintiffs received the offending communications to the states from which the communications were sent. In *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-CV-253, 2012 WL 4074620 (W.D. Mich. June 21, 2012), the defendants, a California jewelry company and its president, allegedly transmitted an unsolicited advertising facsimile to the plaintiff in Michigan. *Id.* at *1. The court denied the defendants' motion to transfer the action out of Michigan, "the district where Plaintiff conducts business and where a significant portion of the events allegedly took place[.]" *Id.* at *27-28 (alteration supplied) (footnote omitted).

Similarly, in *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, 2007 WL 1560212, (N.D. Ill. May 29, 2007), the defendants — three New York debt collection agencies and their sole shareholder — transmitted an unsolicited collection

facsimile to the plaintiff in Illinois.  *Id.* at *1-2.  The court denied the defendants'

motion to either dismiss the action on the basis of *forum non conveniens* or transfer

the action to New York under 28 U.S.C. § 1404(a).  *Id.*

This court is persuaded by the foregoing cases that "venue is proper in the

district where [plaintiff] resides because the injury did not occur" when the facsimile

was *sent* from New Jersey; it occurred when "the [facsimile] was *received*" in

Alabama.  *Meredith,* 2008 WL 4767523, at *6 -7 (alterations and emphasis supplied).

Given that "a substantial part of the events . . . giving rise to the claim" occurred in

this district, plaintiff's choice of forum is proper under section 1391(b)(2).

Even so, a district court may transfer a case "[f]or the convenience of parties

and witnesses, [and] in the interest of justice, . . . to any other district or division

where it might have been brought[.]"  28 U.S.C. § 1404(a) (alterations supplied).  As

both defendants "reside" in New Jersey, *see* 28 U.S.C. § 1391(c)(1) and (d), plaintiff

could also have brought this action in that state under section 1391(b)(1).

Accordingly, this court will assess whether convenience and justice favor transfer to

a federal court sitting in New Jersey.

### 1.    Convenience of Parties and Witnesses

The decision to transfer is within the sound discretion of the trial court.  *See*

*Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993); *England v. ITT*

*Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). "The plaintiff's choice of forum should not disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981), *cert. denied* 456 U.S. 918 (1982)).[18] Thus, "the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Plaintiff resides in Alabama, while defendants reside in New Jersey.[19] Neither plaintiff nor defendants have identified the witnesses they intend to call at trial, and none of the parties have informed this court where potential witnesses reside. Even so, it is likely that the witnesses to the transmission of the facsimile reside in New Jersey, and the witnesses to the receipt of the facsimile reside in Alabama. Thus, a trial in Alabama would inconvenience defendants and any witnesses in New Jersey, and a trial in New Jersey would inconvenience plaintiff and any witnesses in Alabama.

Section 1404(a) does not provide for transfer "to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). Further, the transfer of this action from Alabama to New Jersey "would

---

[18] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[19] Doc. no. 1 (Complaint), at 1-2.

merely shift inconvenience from the defendants to the plaintiff." *Robinson*, 74 F.3d at 260. Because the convenience of the parties and witnesses does not "*clearly* outweigh[]" the presumption in favor of plaintiff's original choice of forum, *id.* (emphasis supplied), the convenience factor weighs against transfer.

### 2.    Interest of Justice

The Supreme Court has noted that questions of venue require "an individualized case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622. "If the combination and weight of factors requisite to given results [on venue motions] are difficult to forecast or state, those to be considered are not difficult to name." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (alteration and emphasis supplied).

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" . . . .
>
> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their

view and reach rather than in remote parts of the country where they can learn of it by report only.  There is a local interest in having localized controversies decided at home.

*Id.* at 508-09 (footnote omitted).

In the context of analyzing a motion to transfer a private TCPA action from the state in which the communication was received to the state from which it was sent, a district court from the Seventh Circuit summarized the law as follows:

> "The 'interest of justice' is a separate component of a § 1404(a) transfer analysis and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (internal citations omitted).  The interest of justice component focuses on the efficient and fair administration of the courts more than on the interests of the litigants themselves. *See id.* at 220-21.  Relevant to this component is the relative speed with which the case will get to trial, having a judge familiar with the applicable law try the case, the relationship of the parties and claims to the forum and access to sources of proof. *See Heller* [*Financial, Inc. v. Midwhey Powder Co., Inc.*], 883 F.2d [1286,] 1293 [(7th Cir. 1989)].

*Flexicorps*, 2007 WL 1560212, at *17-18 (alterations supplied).

Because the parties have not indentified the witnesses and evidence they intend to present at trial, this court has no information regarding "the relative ease of access to sources of proof [and] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." *Gulf*, 330 U.S. at 508-09 (alteration supplied); *see also Heller*, 883 F.2d at 1293.  It does not appear that this action will require a "view of premises" in either Alabama or New Jersey.

13

*Gulf*, 330 U.S. at 508-09.  The parties are likely to obtain a judge familiar with federal law, a speedy trial, and an enforceable judgment in the courts of both states.  *Id.*; *Heller*, 883 F.2d at 1293.  Defendants have presented no evidence that plaintiff chose this forum to "vex," "harass," or "oppress."  *Gulf*, 330 U.S. at 508-09.

Further, this action constitutes a localized controversy because it alleges a violation of federal law that is directed to an Alabama resident.  *See Gulf*, 330 U.S. at 508-09.  Although defendants repeatedly dispute the allegation that they "directed" their activities toward plaintiff, and assert that they transmitted the offending facsimile "inadvertently,"[20] that argument has no support in the evidence.  Based on the name of defendant *Doctors* Answer, and the content of the facsimile, this court concludes that defendants advertise their services to *doctors*.[21]  The facsimile was transmitted to plaintiff, a *physician*, at his *business address* in Madison County.[22]  It defies the laws of probability to suggest that defendants' advertising material would "inadvertently" reach a member of the "niche community" of defendants' consumers.[23]

In *Cordell*, the defendants were Georgia residents who mailed advertisements

---

[20] *See* doc. no. 14 (Brief in Support of Motion to Dismiss), at, *e.g.*, 1, 10, 11, 16.

[21] *See* doc. no. 17-2 (Exhibits), at 2 (Facsimile).

[22] Doc. no. 1 (Complaint), at 1-2.

[23] *Id.* at 2; *see also* doc. no. 17-2 (Exhibits), at 2 (Facsimile) (describing the medical field as a "niche community").

to the plaintiff at his Alabama residence.  892 F. Supp. at 1399.  The court denied

motions to dismiss for lack of subject matter jurisdiction and improper venue because

one defendant had "purposefully directed its activities toward Alabama's citizenry in

mailing the solicitation correspondence . . . . Clearly, [the defendant could] not say

that it ventured into Alabama not of its own volition."  *Id.* at 1400 (alteration

supplied).  As in *Cordell*, the defendants in the case before this court chose to

advertise to an Alabama resident.  Because defendants have not borne their burden

under section 1404(a), this court will deny their motion to dismiss for improper

venue.

## C.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

In their motion to dismiss plaintiff's complaint, defendants contend that the

motion is based in part on "Federal Rules of Civil Procedure 12(b)(1) [sic] (failure

to state a claim upon which relief can be granted)."[24]  In the brief in support of their

motion, defendants claim that "Plaintiff has not stated and cannot establish a claim

upon which relief may be granted against Ben Pure, individually."[25]  Neither the

motion nor the brief contain any argument or authority to support those assertions.

"'It is not a court's task to research legal arguments on a party's behalf.'"

---

[24] Doc. no. 13 (Motion to Dismiss), at 1.  The correct rule for dismissal on the ground of failure to state a claim upon which relief can be granted is Federal Rule of Civil Procedure 12(b)(6), *not* "12(b)(1)."

[25] Doc. no. 14 (Brief in Support of Motion to Dismiss), at 2.

*Costa v. Sam's East, Inc.*, No. 11-0297, 2012 WL 3206362, *14 (S.D. Ala. Aug. 6, 2012) (quoting *Minemyer v. B-Roc Representatives, Inc.*, 695 F. Supp. 2d 797, 809 (N.D. Ill. 2009)). "[I]ssues on which [a] party provides no argument or legal support are deemed waived." *Keeler v. Fla. Department of Health*, 324 F. App'x 850, 855 n.4 (11th Cir. 2009) (alterations supplied) (citing *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006)).

In any event, "[t]he fact that the persons . . . acting [in violation of federal law] are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior.   It does not relieve the individuals of their responsibility*." *Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) (alterations and emphasis supplied).   In accordance with those principles:

> an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. *Individuals who directly (and here, knowingly and wilfully) violate the TCPA should not escape liability solely because they are corporate officers*.

*Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) (emphasis supplied).   Thus, this court will deny the motion to dismiss for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons explained above, defendants' motion to dismiss is DENIED in its entirety.

DONE and ORDERED this 8th day of March, 2013.

_____
United States District Judge